UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO,
and IRLENY VALDEZ

                    Plaintiffs,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER DAVID HARRIS,
Shield No. 8543, Individually and in his Official Capacity, and
POLICE OFFICERS "JOHN DOE" 1-15, Individually and in their
Official Capacities, the name John Doe being fictitious as the true
names are not presently known,

                    Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

      Plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, AND

IRLENY VALDEZ, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S.**

**LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and

belief:

## PRELIMINARY STATEMENT

      1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Sourthern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, are, and have been, at all relevant times, residents of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, P.O. DAVID HARRIS, and POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.     On or about December 11, 2013, at approximately 1:15 a.m., plaintiffs HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, were finishing their shifts at the Papa John's Pizza Restaurant at 11 East 183rd Street Bronx County in the State of New York.

14.     At that time and place, plaintiffs HALVIN ARROYO and CLAUDIO SORIANO were outside of the store when they were approached by defendant NYPD officers who asked for identification and to inspect plaintiff HALVIN ARROYO's cup of soda.

15.     Plaintiffs complied with the defendant officers' requests fully.

16.     Uncovering no evidence of criminal or unlawful activity, the defendant officers walked away.

17.     Plaintiff CLAUDIO SORIANO walked back inside, joining plaintiffs RAMGER IGLESIAS and IRLENY VALDEZ, and plaintiff HALVIN ARROYO remained outside.

18.     After the officers proceeded down the street, plaintiff HALVIN ARROYO saw the officers turn and run toward him.

19.     Plaintiff HALVIN ARROYO entered the Papa John's and locked the door.

20.     After approximately fifteen minutes, the door was unlocked, the defendant officers entered the location, and placed all four plaintiffs under arrest, handcuffing their arms tightly behind their backs.

21.     Plaintiff HALVIN ARROYO was accused of possessing an open container of alcohol,

and all four plaintiffs were charged with Obstructing Governmental Administration and other related charges.

22.     At no time on December 11, 2013 did plaintiffs commit any crime or violation of law.

23.     At no time on December 11, 2013 did defendants possess probable cause to arrest plaintiffs.

24.     At no time on December 11, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

25.     Defendants thereafter transported plaintiffs to a nearby police precinct.

26.     In connection with plaintiffs' arrests, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

27.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of the plaintiffs' arrests.

28.     As a direct result of their unlawful arrest and the unlawful acts of the defendants, each plaintiff spent approximately twenty-four hours in custody.

29.     As a direct result of the defendants' actions, the plaintiffs were each required to make numerous court appearances.

30.     Despite defendants' actions, all charges against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, were dismissed in their entirety.

31.     As a result of the foregoing, plaintiffs HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

32.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

38. As a result of the defendants' conduct, plaintiffs were subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege, or consent.

39. As a result of the foregoing, plaintiffs' had their liberty restricted, they were put in fear for their safety, and were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

41.     Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

42.     Defendants did not make a complete and full statement of facts to the District Attorney.

43.     Defendants withheld exculpatory evidence from the District Attorney.

44.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

45.     Defendants lacked probable cause to initiate criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

46.     Defendants acted with malice in initiating criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

47.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

48.     Defendants lacked probable cause to continue criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

49.     Defendants misrepresented and falsified evidence throughout all phases of the

criminal proceedings.

50.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor.

51.     As a result of the foregoing, plaintiffs had their liberty restricted, they were put in fear for their safety, and humiliated and subjected to handcuffing and other physical restraints without probable cause.

### THIRD CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

52.     Plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53.     Defendants arrested and incarcerated plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrests and incarcerations would jeopardize plaintiffs' liberty, well-being, and safety, and violate their constitutional rights.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Those customs, policies, patterns, and practices include, but are not limited to:

   i.     requiring officers to make a predetermined number of arrests and/or issue a
          predetermined number of summonses within a predetermined time frame;

      ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.    failing to properly train police officers in the requirements of the United States Constitution.

57.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

58.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department evidence a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

59.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

61.     As a result of the foregoing customs, policies, usages, practices, procedures and rules

of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were incarcerated unlawfully.

62.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

63.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

64.    All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

65.    Plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, AND IRLENY VALDEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

66.    On or about March 7, 2014, and within (90) days after the claims herein accrued, the plaintiffs duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required by the applicable statutes.

67.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claims.

68.    Defendant THE CITY OF NEW YORK conducted hearings pursuant to General Municipal Law § 50-h for each of the plaintiffs.

69.    This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

70.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

71.     This action falls within one or more of the exceptions outlined in C.P.L.R. §1602.

## FOURTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

72.     Plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, AND IRLENY VALDEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

73.     At the aforesaid place and time, the individually named defendants did cause plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, to be unlawfully assaulted and battered without cause or provocation.

74.     The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

75.     As a result of the aforesaid assault and battery, plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, AND IRLENY VALDEZ, were injured, both physically and mentally.

## FIFTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

76.     Plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, AND IRLENY VALDEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

77.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

78.     As a result of the foregoing, plaintiffs' had their liberty restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

79.     As a result of the foregoing plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ, were caused to sustain physical and emotional injuries.

## SIXTH CLAIM FOR RELIEF
## FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

80.     Plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, AND IRLENY VALDEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

81.     Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

82.     Defendants did not make a complete and full statement of facts to the District Attorney.

83.     Defendants withheld exculpatory evidence from the District Attorney.

84.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

85.     Defendants lacked probable cause to initiate criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

86.     Defendants acted with malice in initiating criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

87.     Defendants were directly and actively involved in the continuation of criminal

proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

88.     Defendants lacked probable cause to continue criminal proceedings against plaintiffs, HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO SORIANO, and IRLENY VALDEZ.

89.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

90.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor.

91.     As a result of the foregoing, plaintiffs' had their liberty restricted, they were put in fear for their safety, they were humiliated, and their constitutional rights were violated.

**WHEREFORE**, the plaintiffs respectfully request judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.


Dated: New York, New York
       December 3, 2014


                                   Respectfully submitted,

                                   **LAW OFFICES OF MICHAEL S.
                                   LAMONSOFF, PLLC**
                                   *Counsel for the Plaintiffs*


                         By:    MATTHEW SHROYER (MS-6041)
                                80 Maiden Lane, 12th Floor
                                New York, New York 10038
                                (212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HALVIN ARROYO, RAMGER IGLESIAS, CLAUDIO HARRIS AND IRLENY VALDEZ,

                                               Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER DAVID HARRIS, Shield No. 8543,
Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" 1-15,
Individually and in their Official Capacities, the name John Doe being fictitious as the true
names are not presently known,

                                               Defendants.

---

**SUMMONS AND COMPLAINT**

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiffs*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

---

TO:    Corporation Counsel
        CITY OF NEW YORK
        c/o New York City Law  Dept
        100 Church Street
        New York, New York 10007

        P.O. Officer David Harris, Shield No. 8543
        c/o New York City Police Dept-46[th] Precinct
        2120 Ryer Avenue
        Bronx, New York 10457

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State
of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained
in the annexed document are not frivolous.

                                            Matthew Shroyer